Case 4:15-cv-01433   Document 28   Filed in TXSD on 12/03/15   Page 1 of 18

United States District Court
Southern District of Texas
**ENTERED**
December 03, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FRABON CROCKER, TDCJ #1304330, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> WILLIAM STEPHENS, Director, § <br> Texas Department of Criminal § <br> Justice - Correctional § <br> Institutions Division, § <br> § <br> Respondent. § | CIVIL ACTION NO. H-15-1433 |

## MEMORANDUM OPINION AND ORDER

The petitioner, Frabon Crocker, seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction that has resulted in his incarceration by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). The respondent, William Stephens, has filed a Motion for Summary Judgment with Brief in Support ("Motion for Summary Judgment") (Docket Entry No. 20), along with a copy of the state court record. Crocker has filed a Motion for Objection ("Response") (Docket Entry No. 21). Crocker has also filed several motions including requests for an extension of time, to "amend" one or more state court rulings, for appointment of counsel, discovery, and production of evidence (Docket Entry Nos. 22-26). After considering all of the pleadings, the state court record, and the applicable law, the court will grant respondent's motion in part and deny it in part;

and Crocker's motions will be denied for the reasons explained below.

## I. Background

A grand jury in Harris County, Texas, returned an indictment against Crocker in cause number 1012896, charging him with aggravated robbery with a deadly weapon: a firearm.[1] The indictment was enhanced for purposes of punishment with two additional paragraphs alleging that Crocker had prior felony convictions for aggravated robbery and for unlawful possession of a firearm as a felon.[2] A jury in the 230th District Court of Harris County, Texas, found Crocker guilty as charged.[3] After Crocker admitted that the enhancement allegations were "true," the same jury sentenced him to a term of 35 years' imprisonment.[4]

The state court of appeals reversed Crocker's conviction and remanded the case for a new trial after finding that the prosecutor improperly commented during closing argument on Crocker's failure to testify. See Crocker v. State, 248 S.W.3d 299 (Tex. App. — Houston [1st Dist.] 2007). The Texas Court of Criminal Appeals refused the state's petition for discretionary review. See Crocker v. State, PDR No. 1467-07 (Tex. Crim. App. Jan. 23, 2008).

---

[1] Indictment, Docket Entry No. 16-7, p. 6.

[2] Id.

[3] Judgment on Plea Before Jury Court/Jury Assessing Punishment, Docket Entry No. 16-7, p. 7.

[4] Id.

On retrial Crocker waived his right to a jury and elected to have a bench trial.[5] On January 27, 2011, the trial court found Crocker guilty of aggravated robbery as charged and sentenced him to 45 years in prison.[6]

On direct appeal Crocker argued that he was denied the right to a speedy trial, that the state engaged in vindictive prosecution and the trial judge in vindictive sentencing, and that his trial counsel rendered ineffective assistance of counsel.[7] The court of appeals affirmed the conviction after summarizing the evidence admitted at trial as follows:

> On the morning of January 26, 2004, Seyed Tabatabi was working alone in the back office of his flower shop. He heard a sound from the cash register and returned to the front of the store. Tabatabi saw a man with his hand in the cash register. When the man turned and ran, Tabatabi followed him into the parking lot. The man turned and pointed a gun at Tabatabi. The man then got into a red van and drove off. Tabatabi was able to record the van's license plate and reported the robbery to the police. He gave the police the van's license plate number and a general description of the robber. He also informed police that the man stole approximately $700.
>
> About ten days after the robbery, Tabatabi was shown a photo lineup. He identified Crocker as the robber, but said he was only ninety percent sure. Approximately four months after the robbery, an officer on patrol ran the plates to a red van he had stopped for failing to signal

---

[5]Waiver of Trial by Jury in Felony Less Than Capital, Docket Entry No. 16-7, p. 55.

[6]Judgement of Conviction by Court - Waiver of Jury Trial, Docket Entry No. 16-7, p. 56.

[7]Brief for Appellant, Docket No. 13-4, p. 3.

-3-

> a lane change and learned the vehicle was wanted. When the officer ran a check on Crocker, he learned there was an outstanding warrant for Crocker's arrest. After Crocker's arrest, the police conducted a video lineup, which was shown to Tabatabi. He again identified Crocker and this time was 100 percent sure.
>
> At Crocker's original trial for this offense, a jury found him guilty and assessed his punishment at thirty-five years' imprisonment. Crocker appealed, and this Court, holding that the State had impermissibly commented on Crocker's failure to testify, reversed and remanded for a new trial. See Crocker v. State, 248 S.W.3d 299, 307 (Tex. App. – Houston [1st Dist.] 2007, pet. ref'd). The mandate issued on April 23, 2008. Almost two-and-a-half years later, the trial court appointed Crocker new counsel and set the case for trial. After some resets, Crocker's second trial was set for January 2011. Crocker waived the right to a jury trial, and the trial court – presided over by a visiting judge, and not the same judge who had presided over Crocker's first trial – found him guilty. At the punishment stage, the State introduced four prior convictions that it had not offered during the first trial. The trial court sentenced Crocker to forty-five years in prison, which was ten years longer than the punishment that the jury had assessed in his first trial.

Crocker v. State, 441 S.W.3d 306, 309 (Tex. App. – Houston [1st Dist.] 2013). Crocker filed a petition for discretionary review with the Texas Court of Criminal Appeals regarding his claim that he was denied a speedy trial and his claim that he received ineffective assistance of counsel.[8] The Texas Court of Criminal Appeals denied that petition on November 6, 2013. See Crocker v. State, PDR No. 0196-13 (Tex. Crim. App. Nov. 6, 2013).

Crocker challenged his conviction further by filing an Application for a state writ of habeas corpus under Article 11.07

---

[8]Petition for Discretionary Review, Docket Entry No. 13-17, p. 4.

of the Texas Code of Criminal Procedure.[9] In that Application Crocker argued that he was entitled to relief for the following reasons: (1) his conviction was secured with evidence that was seized as the result of an unreasonable search in violation of the Fourth Amendment; (2) he was denied effective assistance of counsel when his attorney did not file a motion for a speedy trial or a motion to suppress unlawfully seized evidence; (3) his retrial violated the Fifth Amendment prohibition against double jeopardy; and (4) his due process rights were violated when the state introduced and the trial court admitted evidence of four prior offenses into the record during the punishment phase of his trial.[10] The trial court entered findings of fact and concluded that Crocker was not entitled to relief.[11] The Texas Court of Criminal Appeals agreed and denied relief without a written order on findings made by the trial court.[12]

Crocker has now filed a Petition for federal habeas corpus relief under 28 U.S.C. § 2254.[13] In that Petition Crocker contends

---

[9]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07 ("Application"), Docket Entry No. 16-22, pp. 5-22.

[10]Id. at 10-16.

[11]State's Proposed Findings of Fact, Conclusions of Law, and Order ("Findings and Conclusions"), Docket Entry No. 16-22, pp. 45-55.

[12]Action Taken, Writ No. 81,684-01, Docket Entry No. 16-13, p. 1.

[13]Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition"), Docket Entry No. 1.

that he is entitled to relief for the following reasons: (1) his conviction was obtained with evidence seized in an unlawful search in violation of the Fourth Amendment; (2) he was denied effective assistance of counsel at his trial; (3) his 45-year sentence is the result of vindictiveness by the prosecution and by the trial court; and (4) his due process rights were violated when the prosecutor offered and the trial judge admitted four additional prior convictions that were not included at the first trial.[14] The respondent has filed a Motion for Summary Judgment, arguing that claims one, three, and four are barred from review and that Crocker is not entitled to relief on claim two under the habeas corpus standard of review.[15]

## II. Discussion

### A. *Stone v. Powell* (Claim One)

Noting that he was arrested and searched without a warrant, Crocker contends that his "probable cause right to be secured in [his] paper, rec[ei]pts and house against unreasonable searches, and seizures was violated [on] May 15, 2004."[16] This claim arises under the Fourth Amendment to the United States Constitution, which prohibits "unreasonable searches and seizures" by law enforcement. U.S. Const. amend. IV. The respondent notes that Crocker had an

---

[14] Id. at 6-9.

[15] Motion for Summary Judgment, Docket Entry No. 20.

[16] Petition, Docket Entry No. 1, p. 6.

opportunity to litigate his Fourth Amendment claim in state court.[17] The respondent argues, therefore, that federal habeas corpus review is precluded by the Supreme Court's decision in Stone v. Powell, 96 S. Ct. 3037 (1976).

In Stone v. Powell the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 3046. The Fifth Circuit has since interpreted an "opportunity for full and fair litigation" to mean just that: "an opportunity." Janecka v. Cockrell, 301 F.3d 316, 320 (5th Cir. 2002) (citing Caver v. State of Alabama, 577 F.2d 1188, 1192 (5th Cir. 1978)). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a [F]ourth [A]mendment claim, Stone v. Powell bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." Janecka, 301 F.3d at 320.

Texas affords a process for criminal defendants to file a pretrial motion to suppress under Article 28.01 of the Texas Code of Criminal Procedure. Although Crocker did not file such a motion, the opportunity to do so is sufficient to bar review of his claims under Stone. See Janecka, 301 F.3d at 320. Because Crocker

---

[17]Motion for Summary Judgment, Docket Entry No. 20, pp. 11-12.

had an avenue to challenge his arrest and the ensuing search in state court, his Fourth Amendment claim is precluded from federal habeas review; and the respondent is entitled to summary judgment on claim one.

## B. Ineffective Assistance of Counsel (Claim Two)

In claim two Crocker alleges that he was denied effective assistance of counsel in connection with his trial. Because the petitioner's ineffective-assistance claims were adjudicated on the merits in state court, these claims are subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d). Under the AEDPA a federal habeas corpus court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). "A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." Matamoros v. Stephens, 783 F.3d 212, 215 (5th Cir. 2015) (citations omitted); see also Williams v. Taylor, 120 S. Ct. 1495, 1519-20 (2000). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even

clear error will not suffice." Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (quoting White v. Woodall, 134 S. Ct. 1697, 1702 (2014)). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011)).

The clearly established law that governs claims for ineffective assistance of counsel is found in Strickland v. Washington, 104 S. Ct. 2052 (1984). See, e.g., Williams v. Stephens, 761 F.3d 561, 566 (5th Cir. 2014), cert. denied, 135 S. Ct. 1735 (2015). To prevail under the Strickland standard a defendant must demonstrate that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. Strickland, 104 S. Ct. at 2064. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

"To satisfy the deficient performance prong, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.'" Hoffman v. Cain, 752 F.3d 430, 440 (5th Cir. 2014) (quoting Strickland, 104 S. Ct. at 2064), cert. denied, 135 S. Ct. 1160 (2015). This is a "highly deferential" inquiry; "[t]here is 'a strong presumption that counsel's conduct

falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 104 S. Ct. at 2065). "To satisfy the prejudice prong, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. (quoting Strickland, 104 S. Ct. at 2068).

Crocker's ineffective-assistance claims were rejected by the state habeas corpus court. As a result, the issue is not whether this court "'believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable — a substantially higher threshold.'" Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009) (quotation omitted). In addition, "because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Id. When applied in tandem with the highly deferential standard found in 28 U.S.C. § 2254(d), review of ineffective-assistance claims is "doubly deferential" on habeas corpus review. Knowles, 129 S. Ct. at 1411; see also Richter, 131 S. Ct. at 788 (emphasizing that the standards created by Strickland and § 2254(d) are both "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations omitted); Beatty v. Stephens, 759 F.3d 455, 463 (5th Cir. 2014), cert. denied, 135 S. Ct. 2312 (2015) (same).

Crocker contends that he was denied effective assistance of counsel at his trial when his attorney failed (1) to file a motion

to dismiss on speedy trial grounds; (2) to file a motion to suppress Crocker's pretrial identification; (3) to object when the state introduced four prior offenses during the punishment phase that were not raised at the initial trial; (4) to call witnesses; and (5) to use court transcript of prior trial to cross-examine state's witnesses.[18] However, Crocker provides no facts in support of his allegations. He does not show that his counsel could have made a valid objection or motion but failed to do so. He does not identify any potential witness or describe the substance of any proposed testimony. Crocker does not otherwise attempt to demonstrate that his counsel's trial strategy was unsound.

The state habeas corpus court rejected Crocker's allegations of ineffectiveness because he failed to support his claims with argument or evidence:

> 11. The applicant fails to present any arguments or evidence reflecting a denial of due process, or that trial counsel's actions fell outside of prevailing professional norms.
>
> 12. A totality of the circumstances demonstrates that the applicant was afforded counsel sufficient to protect his right to reasonably effective assistance of counsel. See Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).
>
> 13. In all things, the applicant fails to show that but for counsel's alleged deficient conduct, a reasonable probability exists that the result of the proceeding would have been different.[19]

---

[18]Petition, Docket Entry No. 1, p. 7.

[19]Findings and Conclusions, Docket Entry No. 16-22, at 48-49.

The decision relied upon by the state habeas corpus court is based on the Strickland standard. See Thompson, 9 S.W.3d at 812-13. Crocker does not attempt to show that the state court's conclusion is an objectively unreasonable application of the Strickland standard. The Fifth Circuit has made it clear that conclusory ineffective-assistance claims of the type made by Crocker do not merit federal habeas corpus relief. See, e.g., Collier v. Cockrell, 300 F.3d 577, 587 (5th Cir. 2002) ("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.") (citing Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000)); Green v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."); Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990) (holding that the petitioner's conclusory allegations failed to establish a valid ineffective assistance of counsel claim). Because Crocker fails to show that he is entitled to relief, the respondent is entitled to summary judgment on the ineffective-assistance allegations lodged in claim two.

## C.  Procedural Default (Claims Three and Four)

In claims three and four Crocker contends that his conviction and 45-year sentence were the product of vindictive sentencing on the trial court's part and vindictive prosecution because the state

used four prior offenses to enhance his punishment that were not presented at his first trial.[20] These claims were raised and rejected on direct appeal. See Crocker, 441 S.W.3d at 312-13. In particular, the state court of appeals found that Crocker failed to preserve error for review by objecting to prosecutorial and judicial vindictiveness at trial. See id. Crocker did not challenge this ruling in his petition for discretionary review.[21] Crocker again attempted to raise these claims on state habeas corpus review, but the state habeas corpus court found that the claims were procedurally barred because they had been rejected already on direct appeal.[22] Alternatively, the state habeas corpus court found that these claims were barred from review because they should have been raised on direct appeal.[23] As a result, the Texas Court of Criminal Appeals did not address the merits of these claims on state habeas review.

Noting that the last court to consider claims three and four rejected them for procedural reasons, the respondent argues that

---

[20]Petition, Docket Entry No. 1, pp. 8-9.

[21]Petition for Discretionary Review, Docket Entry No. 13-17, p. 4.

[22]Findings and Conclusions, Docket Entry No. 16-22, pp. 47-48, 50 ("Issues raised and rejected on direct appeal need not be considered on habeas." Ex parte Acosta, 672 S.W.2d 470, 472 (Tex. Crim. App. 1984).").

[23]Id. at 51 ("'Record claims' which could have been but were not presented in the trial court or on direct appeal should not be considered on habeas. Ex parte Gardner, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996) (op. reh'g).").

these claims are barred from federal habeas corpus review by the doctrine of procedural default.[24] Specifically, the respondent argues that review is barred because the state habeas corpus court relied on Ex parte Gardner, 959 S.W.2d 189 (Tex. Crim. App. 1998). Gardner stands for the proposition that claims that could have been raised on direct appeal may not be raised in a post-conviction writ of habeas corpus. See id. at 199-200. By not pursuing claims three and four in his petition for discretionary review, the respondent argues that Crocker committed a procedural default under Gardner that is adequate to bar federal review.[25]

"[A federal habeas corpus court] will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 111 S. Ct. 2546, 2553-2554 (1991); see also Lee v. Kemna, 122 S. Ct. 877, 885 (2002). To qualify as an "adequate" procedural ground, a state rule must be "firmly established and regularly followed". Walker v. Martin, 131 S. Ct. 1120, 1127-28 (2011) (quoting Beard v. Kindler, 130 S. Ct. 612, 617 (2009)). "A state procedural rule will not function as an adequate and independent state ground supporting the judgment if it is not 'strictly or regularly followed.'" Smith v. Black, 970 F.2d 1383, 1386 (5th Cir. 1992) (citations omitted).

---

[24]Motion for Summary Judgment, Docket Entry No. 20, pp. 12, 16.

[25]Id. at 12-13.

The Fifth Circuit has held that the rule in <u>Gardner</u> is independent and adequate to bar federal habeas review where the petitioner failed to raise a constitutional issue on direct appeal. <u>See</u>, <u>e.g.</u>, <u>Aguilar v. Dretke</u>, 428 F.3d 526, 535 (5th Cir. 2005). However, the Fifth Circuit has recognized that the rule in <u>Gardner</u> is not regularly followed in cases such as Crocker's, where a petitioner has raised claims on direct appeal, but not in a petition for discretionary review. <u>See</u> <u>Walker v. Stephens</u>, 583 F. App'x 402, 403 (5th Cir. Oct. 31, 2014). The respondent does not otherwise establish that <u>Gardner</u> is adequate to bar federal review under the circumstances present here. Because the respondent does not clearly present an alternative argument regarding the procedural bar, the motion for summary judgment must be denied with respect to claims three and four. The respondent will be given an opportunity to file an amended motion for summary judgment on these claims.

D.  **Crocker's Motions**

Crocker has filed several motions, including requests for an extension of time, to "amend" one or more state court rulings, for appointment of counsel, discovery, and production of evidence (Docket Entry Nos. 22-26). These motions will be denied for reasons set forth briefly below.

1. <u>Extension of Time</u>

Crocker has filed a Motion for a[n] Extension of Time to file objections or to otherwise challenge the decision made by the Texas

Court of Criminal Appeals on his state habeas corpus application (Docket Entry No. 22). He does not appear to request additional time to challenge the Texas Court of Criminal Appeals' ultimate decision in this federal habeas corpus proceeding. To the extent that Crocker requests an extension of time to file objections in state court, this court has no authority to extend deadlines imposed by the Texas Court of Criminal Appeals. Accordingly, this motion must be denied.

### 2. To Amend the Judgment

Crocker has also filed a Motion to Amend the Judgment under Rule 59(e) of the Federal Rules of Civil Procedure (Docket Entry No. 23), taking issue with one or more state court rulings. He does not challenge any order entered by this court. The Federal Rules of Civil Procedure only apply to "civil actions and proceedings in the United States district courts," FED. R. CIV. P. 1, and do not apply to rulings issued in state court criminal cases. Therefore, Crocker's Rule 59(e) motion must be denied.

### 3. Appointment of Counsel

Crocker has filed a Motion for Appointment of Counsel (Docket Entry No. 24) to assist him in resolving the aggravated robbery charges against him in Harris County cause number 1012896. This court has no authority to appoint counsel for a defendant in connection with a state court matter. To the extent that he seeks counsel in this case, a federal habeas corpus court may appoint

counsel for a petitioner where "the interests of justice so require and such person is financially unable to obtain representation." Schwander v. Blackburn, 750 F.2d 494, 502 (5th Cir. 1985); see also 18 U.S.C. § 3006A(g). Crocker has not shown that the interests of justice require the appointment of counsel in this case. Accordingly, this motion will be denied.

4. Discovery Motions

Crocker has filed a Motion for Discovery (Docket Entry No. 25) and a Motion for Production of Evidence Favorable to the Accused (Docket Entry No. 26). A review of these motions reflect that they are boiler-plate requests for discovery from the prosecutor's file in his underlying state court criminal case. "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000). "Good cause" may be found when a petition for a writ of habeas corpus "establishes a prima facie claim for relief." Id. Crocker falls far short of the showing needed for discovery on federal habeas review. He does not otherwise show that a continuance is required for the purposes of conducting discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Therefore, Crocker's motions for discovery will be denied.

### III. Conclusion and Order

The court **ORDERS** as follows:

1. Respondent Stephens's Motion for Summary Judgment (Docket Entry No. 20) is **GRANTED** in part with respect to claims one and two and **DENIED** in part with respect to claims three and four.

2. The respondent shall file an amended motion for summary judgment within **forty (40) days** of the date of this Memorandum Opinion and Order.

3. The petitioner's Motion for a[n] Extension of Time (Docket Entry No. 22), Motion to Amend the Judgment Rule 59 (Docket Entry No. 23), Motion for Appointment of Counsel (Docket Entry No. 24), Motion for Discovery (Docket Entry No. 25), and Motion for Production of Evidence Favorable to the Accused (Docket Entry No. 26) are **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 3rd day of December, 2015.

```
                              SIM LAKE
                   UNITED STATES DISTRICT JUDGE
```