Case 4:15-cv-01433 Document 35 Filed in TXSD on 04/28/16 Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
April 28, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRABON CROCKER, TDCJ #1304330, | § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-1433 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Frabon Crocker, seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction that resulted in his incarceration by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ").[1] The respondent, William Stephens, has filed an Amended Motion for Summary Judgment with Brief in Support ("Amended Motion for Summary Judgment") (Docket Entry No. 32). Crocker has not filed a response and his time to do so has expired. After considering all of the pleadings, the state court records, and the applicable law, the court will grant respondent's Amended Motion and will dismiss this case for the reasons explained below.

---

[1] Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition"), Docket Entry No. 1.

I. **Background**

The background in this case has been set forth previously in the court's Memorandum Opinion and Order dated December 3, 2015, which granted the respondent's initial Motion for Summary Judgment on two of the claims raised in Crocker's Petition.[2] The procedural history is repeated only to the extent that it is necessary to address the remaining claims in this case.

A grand jury in Harris County, Texas, returned an indictment against Crocker in cause number 1012896, charging him with aggravated robbery with a deadly weapon: a firearm.[3] The indictment was enhanced for purposes of punishment with two additional paragraphs alleging that Crocker had prior felony convictions for aggravated robbery and for unlawful possession of a firearm as a felon.[4] A jury in the 230th District Court of Harris County, Texas, found Crocker guilty as charged.[5] After Crocker admitted that the enhancement allegations were "true," the same jury sentenced him to a term of 35 years' imprisonment.[6]

The state court of appeals reversed Crocker's conviction and remanded the case for a new trial after finding that the prosecutor

---

[2]Docket Entry No. 28.

[3]Indictment, Docket Entry No. 16-7, p. 6.

[4]Id.

[5]Judgment on Plea Before Jury Court/Jury Assessing Punishment, Docket Entry No. 16-7, p. 7.

[6]Id.

improperly commented during closing argument on Crocker's failure to testify. See Crocker v. State, 248 S.W.3d 299 (Tex. App. — Houston [1st Dist.] 2007). The Texas Court of Criminal Appeals refused the state's petition for discretionary review. See Crocker v. State, PDR No. 1467-07 (Tex. Crim. App. Jan. 23, 2008).

On retrial Crocker waived his right to a jury and elected to have a bench trial.[7] On January 27, 2011, the trial court found Crocker guilty of aggravated robbery as charged and sentenced him to 45 years in prison.[8]

On direct appeal Crocker argued that he was denied the right to a speedy trial, that the state engaged in vindictive prosecution and the trial judge in vindictive sentencing, and that his trial counsel rendered ineffective assistance of counsel.[9] The court of appeals rejected these claims and affirmed the conviction after summarizing the evidence admitted at trial as follows:

> On the morning of January 26, 2004, Seyed Tabatabi was working alone in the back office of his flower shop. He heard a sound from the cash register and returned to the front of the store. Tabatabi saw a man with his hand in the cash register. When the man turned and ran, Tabatabi followed him into the parking lot. The man turned and pointed a gun at Tabatabi. The man then got into a red van and drove off. Tabatabi was able to record the van's license plate and reported the robbery to the police. He gave the police the van's license

---

[7]Waiver of Trial by Jury in Felony Less Than Capital, Docket Entry No. 16-7, p. 55.

[8]Judgement of Conviction by Court - Waiver of Jury Trial, Docket Entry No. 16-7, p. 56.

[9]Brief for Appellant, Docket Entry No. 13-4, p. 3.

plate number and a general description of the robber. He also informed police that the man stole approximately $700.

About ten days after the robbery, Tabatabi was shown a photo lineup. He identified Crocker as the robber, but said he was only ninety percent sure. Approximately four months after the robbery, an officer on patrol ran the plates to a red van he had stopped for failing to signal a lane change and learned the vehicle was wanted. When the officer ran a check on Crocker, he learned there was an outstanding warrant for Crocker's arrest. After Crocker's arrest, the police conducted a video lineup, which was shown to Tabatabi. He again identified Crocker and this time was 100 percent sure.

At Crocker's original trial for this offense, a jury found him guilty and assessed his punishment at thirty-five years' imprisonment. Crocker appealed, and this Court, holding that the State had impermissibly commented on Crocker's failure to testify, reversed and remanded for a new trial. See Crocker v. State, 248 S.W.3d 299, 307 (Tex. App. — Houston [1st Dist.] 2007, pet. ref'd). The mandate issued on April 23, 2008. Almost two-and-a-half years later, the trial court appointed Crocker new counsel and set the case for trial. After some resets, Crocker's second trial was set for January 2011. Crocker waived the right to a jury trial, and the trial court — presided over by a visiting judge, and not the same judge who had presided over Crocker's first trial — found him guilty. At the punishment stage, the State introduced four prior convictions that it had not offered during the first trial. The trial court sentenced Crocker to forty-five years in prison, which was ten years longer than the punishment that the jury had assessed in his first trial.

Crocker v. State, 441 S.W.3d 306, 309 (Tex. App. — Houston [1st Dist.] 2013). Crocker filed a petition for discretionary review with the Texas Court of Criminal Appeals regarding his claim that he was denied a speedy trial and his claim that he received ineffective assistance of counsel.[10] The Texas Court of Criminal

---

[10]Petition for Discretionary Review ("PDR"), Docket Entry No. 13-17, p. 4.

Appeals summarily denied that petition. See Crocker v. State, PDR No. 0196-13 (Tex. Crim. App. Nov. 6, 2013).

Crocker filed an Application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.[11] The trial court entered findings of fact and concluded that Crocker was not entitled to relief.[12] The Texas Court of Criminal Appeals agreed and denied relief without a written order on findings made by the trial court.[13]

Crocker then filed the pending Petition for federal habeas corpus relief under 28 U.S.C. § 2254.[14] In his Petition Crocker contends that he is entitled to relief for the following reasons: (1) his conviction was obtained with evidence seized in an unlawful search in violation of the Fourth Amendment; (2) he was denied effective assistance of counsel at his trial; (3) his 45-year sentence is the result of vindictiveness by the prosecution and by the trial court; and (4) his due process rights were violated when the prosecutor offered and the trial judge admitted four additional prior convictions that were not included at the first trial.[15]

---

[11] Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07, Docket Entry No. 16-22, pp. 5-22.

[12] State's Proposed Findings of Fact, Conclusions of Law, and Order, Docket Entry No. 16-22, pp. 45-55.

[13] Action Taken, Writ No. 81,684-01, Docket Entry No. 16-13, p. 1.

[14] Petition, Docket Entry No. 1.

[15] Id. at 6-9.

In the Memorandum Opinion and Order dated December 3, 2015, the court granted summary judgment for the respondent after finding that Crocker's first claim for relief was barred from review by the holding in <u>Stone v. Powell</u>, 96 S. Ct. 3037 (1976).[16] The court also granted summary judgment on Crocker's claim of ineffective-assistance, concluding that his allegations did not merit relief under the governing federal habeas corpus standard of review.[17] The court denied summary judgment as to claims three and four, however, and gave the respondent an opportunity to file an amended motion on those claims.[18] The respondent has now filed an Amended Motion for Summary Judgment, arguing that claims three and four are barred from review by the doctrine of procedural default.[19]

## II. <u>Discussion</u>

In claims three and four Crocker contends that his conviction and 45-year sentence were the product of vindictive sentencing on the trial court's part and vindictive prosecution because the state used four prior offenses to enhance his punishment that were not

---

[16]Docket Entry No. 28, pp. 6-8.

[17]<u>Id.</u> at 8-12.

[18]<u>Id.</u> at 15.

[19]Amended Motion for Summary Judgment, Docket Entry No. 32. The respondent also repeats his arguments that claims one and two fail as a matter of law. Because it has already granted summary judgment on those issues, the court confines its analysis to claims three and four.

presented at his first trial.[20] These claims were raised and rejected for procedural reasons on direct appeal. See Crocker, 441 S.W.3d at 312-13. In particular, the state court of appeals found that Crocker failed to preserve error for review by objecting to prosecutorial and judicial vindictiveness at trial. See id. Crocker did not challenge this ruling in his petition for discretionary review.[21] Thus, the Texas Court of Criminal Appeals did not address the merits of these claims.

Noting that the last court to consider claims three and four rejected them for procedural reasons, the respondent argues that these claims are barred from federal habeas corpus review by the doctrine of procedural default.[22] Specifically, the respondent argues that Crocker committed a procedural default in state court by failing to contemporaneously object at trial.[23]

The contemporaneous objection rule provides that a party must make a timely, specific objection to preserve error for appeal. See TEX. R. APP. P. 33.1(a)(1)(A); Buchanan v. State, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006). "The contemporaneous objection rule requires that the objection be presented to the trial court to

---

[20]Petition, Docket Entry No. 1, pp. 8-9.

[21]PDR, Docket Entry No. 13-17, p. 4.

[22]Amended Motion for Summary Judgment, Docket Entry No. 32, pp. 13-17.

[23]Id. at 13.

provide that court with an opportunity to prevent any error." Shelvin v. State, 884 S.W.2d 874, 876 (Tex. App. — Austin 1994, pet. ref'd) (citing Rhett v. State, 839 S.W.2d 93, 94 (Tex. Crim. App. 1992)). Under this rule, "a contemporaneous objection must be made and an adverse ruling obtained" before an issue may be considered by an appellate court. Barnes v. State, 70 S.W.3d 294, 307 (Tex. App. — Fort Worth 2002, pet. ref'd) (citation omitted). The record confirms that Crocker's claims of vindictive prosecution and sentencing were rejected on direct appeal because of his failure to raise a contemporaneous objection at trial. See Crocker, 441 S.W.3d at 312-13 (concluding that Crocker failed to preserve error for appeal by raising an appropriate objection before the trial court). Thus, Crocker committed a default based on a state court procedural rule.

"[A federal habeas corpus court] will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 111 S. Ct. 2546, 2553-2554 (1991); see also Lee v. Kemna, 122 S. Ct. 877, 885 (2002). To qualify as an "adequate" procedural ground, a state rule must be "firmly established and regularly followed." Walker v. Martin, 131 S. Ct. 1120, 1127-28 (2011) (quoting Beard v. Kindler, 130 S. Ct. 612, 617 (2009)). The Fifth Circuit "has consistently held that the Texas contemporaneous

objection rule constitutes an adequate and independent state ground that procedurally bars federal habeas review of a petitioner's claims." Fisher v. Texas, 169 F.3d 295, 300 (5th Cir. 1999); see also Allen v. Stephens, 805 F.3d 617, 635 (5th Cir. 2015). As a result, review of claims three and four is precluded unless Crocker fits within an exception to the procedural bar.

If a petitioner has committed a procedural default, federal habeas corpus review is available only if he can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 111 S. Ct. at 2565. Crocker makes no effort to demonstrate that any of these exceptions apply, and the court's own review of the record does not disclose a basis to overcome his procedural default. Accordingly, claims three and four concerning vindictive prosecution and sentencing are barred from federal review.

Because Crocker has failed to establish that he is entitled to relief on any of the grounds asserted, the Amended Motion for Summary Judgment will be granted and the Petition will be denied.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A

certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find the assessment of the constitutional claims or any procedural ruling debatable or

wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.  Conclusion and Order

The court **ORDERS** as follows:

1. Respondent Stephens's Amended Motion for Summary Judgment (Docket Entry No. 32) is **GRANTED**.

2. Frabon Crocker's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 28th day of April, 2016.

                                             _____
                                                       SIM LAKE
                                             UNITED STATES DISTRICT JUDGE